UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID MOODY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-cv-4001-MMM |
| | ) |
| JERICHO LESSARD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, filed a complaint identifying a negligence claim against Jail Administrator Jericho Lessard, Nurse Jane Doe, and Doctor Jane Doe.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff has been detained at the Henry County Jail ("Jail") since October 2021. He alleges the Jail is not following the quarantine procedure for new inmates, staff members are not wearing masks, and surfaces are not cleaned properly. Sanitation protocols were not followed even after inmates tested positive and the facility was on lockdown.

On December 17, 2021, Plaintiff tested positive for COVID-19. He experienced severe symptoms and the only medical care he received was Tylenol.

After inmates tested positive, Plaintiff's unit received paper towels and a vinegar/water solution for cleaning, but Plaintiff claims that this was ineffective for curbing the spread of the virus.

Plaintiff states that the Jail offered one dose of the Johnson & Johnson vaccine, which Plaintiff claims is ineffective and causes blood clots. The vaccine was not offered until after inmates tested positive in December 2021. Plaintiff does not indicate if he received the vaccine.

**ANALYSIS**

Although he used a preprinted complaint form and designated his claim as having been filed under § 1983, Plaintiff brings a claim for negligence against the Defendants. (ECF No. 1 at 6). Allegations of negligence, however, do not reach the level of a constitutional violation. To establish a constitutional claim Plaintiff, as a pretrial detainee, must successfully plead that the conditions under which he was held were objectively unreasonable, in violation of the Fourteenth Amendment. Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004).

As a result, the complaint must be dismissed. Plaintiff will be given an opportunity to replead, however, in the event that he is able to state a cognizable federal claim.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this Order in which to replead his claims. The pleading is to be captioned Amended Complaint and is to include

all of Plaintiff's claims without reference to a prior pleading. Failure to file an Amended Complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

ENTERED:  3/22/2022

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge